AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California



FILED
FEB 28 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

| | |
|---|---|
| United States of America<br>v.<br>MARIO LOPEZ-TOPETE<br><br>*Defendant(s)* | Case No.<br>4-19-70300 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 27, 2019__ in the county of __Alameda__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) | Possession with intent to distribute 100 grams and more of a mixture or substance containing a detectable amount of heroin |
| | Maximum Penalties: Mandatory minimum of 5 years' imprisonment and up to 40 years' imprisonment; $5,000,000 fine; at least 4 years' supervised release and up to lifetime supervised release; $100 special assessment; forfeiture; restitution; and potential deportation or other immigration consequences. |

This criminal complaint is based on these facts:
Please see attached affidavit of DEA Special Agent Jack P. Ni in support of Criminal Complaint.

(approved as to form __/s/__ AUSA Katherine Wawrzyniak)

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jack P. Ni, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Feb. 28, 2019__

_____
*Judge's signature*

City and state: __Oakland, California__        Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jack P. Ni, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, depose and state:

## I.  INTRODUCTION

1. I make this Affidavit in support of a Criminal Complaint against Mario Lopez-TOPETE (hereafter TOPETE), for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(i), possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin.

2. The facts set forth in this Affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

## II.  AGENT BACKGROUND

4. I am a Special Agent with the DEA, and have been so employed since March 2016. I am currently assigned to the San Francisco Divisional Office in California. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

5. I have successfully completed a nineteen-week DEA Basic Agent Training Academy at the DEA Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to Title 21, United States Code Sections 841 and 846. Additionally, this training included several hundred hours of comprehensive, formalized instruction in, but not limited to, narcotics investigations, drug identification, detection, interdiction, financial investigations and money laundering, informant handling, law classes, report writing, identification and seizure of drug related assets, undercover operations, and electronic and physical surveillance procedures.

6. Prior to my employment with the DEA, I was employed for approximately five years with the Boston Police Department located in Boston, Massachusetts as a Police Officer. Prior to being employed as a Boston Police Officer, I was required to attend the Boston Police Academy for twenty-six weeks where I received comprehensive and formalized training regarding violations of state law, including narcotics violations. I also participated in several investigations into individuals suspected of narcotics trafficking.

7.  I have participated in surveillance of narcotics traffickers. During these surveillances, I have personally observed narcotics transactions, counter-surveillance techniques, and the methods that narcotics traffickers use to conduct clandestine meetings.

8.  I have had the opportunity to speak extensively with other experienced law enforcement officers and cooperating individuals about the packaging and preparation of narcotics, methods of operation, and security measures often employed by drug traffickers. I have examined documentation of various methods in which illicit drugs are smuggled, transported, and distributed. Throughout these investigations, I have also gained expertise in the use of a variety of law enforcement techniques, including the application and use of wire and electronic interceptions, confidential sources and undercover agents, surveillance techniques, and various other types of electronic techniques, such as body wires and transmitters. Additionally, I have gained knowledge and expertise in the use and analysis of data from pen register and trap and trace devices, toll records, traditional business records (including financial records and utility records) and nontraditional records kept by drug traffickers, such as pay-and-owe sheets documenting deliveries of and payments for narcotics. I have also gained knowledge and expertise in the collection and identification of drug evidence and the analysis and interpretation of taped conversations obtained by the methods detailed above.

### III.   APPLICABLE LAW

9.  Section 841 of Title 21 of the United States Code provides, in pertinent part: "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Heroin is a Schedule I controlled substance.

### IV.   FACTS ESTABLISHING PROBABLE CAUSE

10. On February 27, 2019, I and other law enforcement officers executed a federal search warrant on a residence located at 1400 Stanton Avenue in San Pablo, California, the residence of TOPETE. At the residence, agents encountered TOPETE and his family members. Agents then directed TOPETE and the family outside of the residence.

11. During the search of the garage, agents located evidence of drug trafficking, including the following: a brick of suspected heroin in the freezer compartment of a refrigerator; one brick of suspected cocaine inside a purple plastic bag underneath a toolbox; a half-brick of suspected cocaine and a plastic bag containing suspected methamphetamine inside the glovebox of a 1964 white Chevy Impala, and 5 working digital scales and packaging materials. Agents also recovered approximately 5 pounds of marijuana.

12. Agents later weighed the substances seized in the garage. The suspected heroin found inside the refrigerator, inclusive of the packaging is 1004.2 grams. The suspected cocaine found inside the purple plastic bag, inclusive of the packaging is 1161.2 grams. The suspected cocaine found inside the glovebox of the Chevy, inclusive of the packing is 550.9 grams, and the suspected methamphetamine, inclusive of the packaging is 153.4 grams.

13. DEA is no longer field testing heroin due to increased incidences of fentanyl being found in heroin and the associated safety risks. The substance seized on February 27, 2019 is a sticky, black tar-like substance, which I recognize as heroin based on my training and experience. A photograph of the heroin is below:



14. Based on my training and based on my conversations with more experienced law enforcement officers, I believe that the amount of cocaine, heroin, and methamphetamine found inside the residence are distribution quantities and not intended for personal consumption. I also know from my training and from my conversations with more experienced law enforcement officers, that drug traffickers often keep digital scales that they can use in order to weigh out drugs for potential customers and plastic baggies in order to separately package drugs for sale to customers.

/ / /

## V.     CONCLUSION

15.     Based upon the information contained within this Affidavit, I submit that there is probable cause to believe that Mario Lopez TOPETE, has violated Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(i), possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
JACK P. NI
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on February 28, 2019.

_____
HON. DONNA M. RYU
United States Magistrate Judge

4