UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARIO LOPEZ-TOPETE,<br><br>  Defendant. | Case No. 19-cr-00123-HSG<br><br>**ORDER DENYING MOTION FOR RELEASE**<br><br>Re: Dkt. No. 34 |
|---|---|

Upon motion of [x] the defendant [ ] the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is:

[ ] **GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

[ ] Time served.

If the defendant's sentence is reduced to time served:

   [ ] This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.

The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ] There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release (not to exceed the unserved portion of the original term of imprisonment).

[ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ] The conditions of the "special term" of supervision are as follows:

[ ] The defendant's previously imposed conditions of supervised release are unchanged.

[ ] The defendant's previously imposed conditions of supervised release are modified as follows:

2

1  [ ] **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

[x]  **DENIED** after complete review of the motion on the merits.

[x]  **FACTORS CONSIDERED (Optional)**, if motion is Granted or Denied on the merits:

   **a.   Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by the United States Sentencing Commission in U.S.S.G. § 1B1.13**
   [x] *Specific considerations:*

   Defendant does not appear to have exhausted his administrative remedies, as he has not asked the warden of his facility to recommend his release. *See* Dkt. No. 37-1. Assuming (without deciding) that it has jurisdiction, the Court has considered the merits of Defendant's arguments that extraordinary and compelling circumstances exist because of the COVID-19 pandemic.

   *b.*   **Applicable 18 U.S.C. § 3553(a) Factors** *(Mark all that apply)*
   **[x]** The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
   [ ] Mens Rea   [ ] Extreme Conduct      [ ] Dismissed/Uncharged Conduct
   [ ] Role in the Offense             [ ] Victim Impact

   **[ ]**  The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
   [ ] Aberrant Behavior            [ ] Lack of Youthful Guidance
   [ ] Age                          [ ] Mental and Emotional Condition
   [ ] Charitable Service/Good Works  [ ] Military Service
   [ ] Community Ties               [ ] Non-Violent Offender
   [ ] Diminished Capacity          [ ] Physical Condition
   [ ] Drug or Alcohol Dependence   [ ] Pre-sentence Rehabilitation
   [ ] Employment Record            [ ] Remorse/Lack of Remorse
   [ ] Family Ties and Responsibilities   [ ] Other: *(Specify)*

   [ ] Issues with Criminal History: *(Specify)*

   [x] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
   [x] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

[x] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
[ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
[ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*
[ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
[ ] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*
[ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
[x] *Specific considerations:*

> Defendant is a 45-year old man currently serving a 64-month sentence for pleading guilty to possession with intent to distribute heroin and cocaine. He has only served approximately two years of his sentence, and he has an anticipated release date of May 8, 2024. Although Defendant's criminal history prior to these drug charges was minor, he pled guilty to serious drug charges that carried a mandatory minimum sentence of 60 months in custody. He also was found with several firearms in connection with his drug trafficking. Defendant's lack of a serious criminal history was taken into account at sentencing, and the Court granted a six-month downward variance from the low end of the guidelines range to reflect his personal history and circumstances. Defendant does not present any medical history, such as obesity or respiratory disease, that would put him at particular risk with respect to COVID-19. Accordingly the Court finds that a further reduction in his sentence is not warranted under the circumstances presented on this record.

c. **Whether Defendant Is a Danger to the Safety of Another or to the Community, 18 U.S.C. § 3142(g)**

[x]  the nature and circumstances of the offense (18 U.S.C. § 3142(g)(1))
[ ] the weight of the evidence against the person (18 U.S.C. § 3142(g)(2))
[ ] the history and characteristics of the person (18 U.S.C. § 3142(g)(3))
[ ] the nature and seriousness of the danger to any person or the community that would be posed by the person's release (18 U.S.C. § 3142(g)(4))
[ ] *Specific considerations:*

//
//

[ ] **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: 3/11/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge